ORIGINAL

D&F
c/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA ex rel ALLEN
HINDIN,

                    Plaintiff-Relator,

    -against-

NEW YORK LUTHERAN MEDICAL CENTER,

                    Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 00-CV-7499 (FB) (JMA)

*Appearances*

*For the Plaintiff-Relator:*
LON C. ENGEL, ESQ.
Engel & Engel P.A.
11 East Lexington Street, Suite 200
Baltimore, MD 21202

*For the United States of America:*
BENTON J. CAMPBELL, ESQ.
United States Attorney
Eastern District of New York
By: RICHARD K. HAYES, ESQ.
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendant New York Lutheran Medical Center:*
ANDREW CHAPMAN HRUSKA
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

*For Defendant University of Nebraska:*
JOHN. C. WILTSE, ESQ.
Senior Associate General Counsel
University of Nebraska
Lincoln, NE 68583-0745

**BLOCK, Senior District Judge:**

        As related in the Court's Order to Show Cause dated January 23, 2009, this is a *qui tam* action under the False Claims Act, 31 U.S.C. §§ 3729-3733, in which relator Dr. Allen Hindin ("Hindin") sued several institutions alleging that their dental residency programs obtained Medicare funds to which they were not entitled. On February 22, 2008, Hindin filed a Second Amended Complaint which dropped twenty-five of the defendants

1

named in the Amended Complaint, including the University of Nebraska ("Nebraska"). Nebraska has moved for summary judgment on the merits, arguing it has not been properly dismissed. In the prior Order, the Court concluded that a party may be dismissed without prejudice by an amendment to the complaint pursuant to Fed. R. Civ. P. 15(a), but the Attorney General must consent to the voluntary dismissal of a *qui tam* action under 31 U.S.C. § 3730(b)(1); the Court invited the government to notify the Court whether it consents to the dismissals effected by the Second Amended Complaint. On February 10, 2009, the government submitted a letter in which it consented to the dismissal without prejudice of Nebraska and all other parties dismissed by the Second Amended Complaint. *See* Docket Entry #110.

The Court notes that once it is dismissed from a suit without prejudice a party may not participate in that suit in order to seek its own dismissal *with prejudice*: Although, according to Rule 56, "[a] party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim," Nebraska is not a "party against whom relief is sought" because it is not named in the Second Amended Complaint; therefore, it has no standing to move for summary judgment. *See Dover Ltd. v. A.B. Watley, Inc.*, No.04 Civ. 7366 (FM), 2006 WL 2987054, at *8 (S.D.N.Y. Oct. 18, 2006) (holding that defendant not named in several counts of complaint had no standing to move to dismiss those counts); *Norfolk Fed'n of Bus. Districts v. Dep't of Housing & Urban Dev.*, 932 F. Supp. 730, 741-42 (E.D. Va. 1996) (finding defendant not named in particular count of complaint has no standing to defend against that count; noting

2

similarity to standing to move for summary judgment); *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, No. Civ. 91-188-SLR, 1994 WL 796603, at *7, n.5 (D. Del. Dec. 8, 1994) (defendant not named in a count of complaint "has no standing to move for its dismissal or summary judgment on the count"). Accordingly, that branch of Nebraska's motion is denied.

Nebraska's motion also requests an award of attorney's fees from Hindin because it contends that Hindin's claim was frivolous. Hindin, for his part, requests that attorney's fees be awarded in his favor and against Nebraska for its motion for summary judgment, which Hindin characterizes as frivolous. The Court disagrees with both parties: neither motion was frivolous, and no attorney's fees will be awarded.

## CONCLUSION

Nebraska's motion for summary judgment is denied. Nebraska has already been dismissed without prejudice from the suit, as have all the other parties not named as defendants in the Second Amended Complaint. Both parties' motions for attorney's fees are denied.

**SO ORDERED.**  s/FB

Brooklyn, New York
February 13, 2009

FREDERIC BLOCK
Senior United States District Judge

3